IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL CHAVEZ,

    Petitioner,

v.                                                Civ. No. 15-701 WJ/GBW

GERMAN FRANCO, Warden, and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (*doc. 1*) and motion to expand the record (*doc. 9*). Upon review, I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. Accordingly, I recommend dismissing his petition without prejudice and denying his motion to expand as moot.

**I.    BACKGROUND**

    **A.    The Underlying Judgment**

On August 9, 2011, Petitioner executed a *Plea and Disposition Agreement* by which he pled no contest to two counts of first-degree (felony) murder in exchange for the dismissal of counts alleging: (1) attempted armed robbery; (2) conspiracy to commit armed robbery; and (3) shooting at or from a motor vehicle. *Doc. 11-1* at 3. The agreement established that the resulting sentence would be "Concurrent Sentences for a

single Term of Life Imprisonment (thirty years without the possibility of parole)."[1] *Doc. 11*, Ex. B at 3. In accordance with the agreement, Petitioner was sentenced to two concurrent terms of life imprisonment on October 20, 2011. *Doc. 11-1* at 5. Petitioner did not pursue a direct appeal.

### B. Petitioner's State *Habeas* Proceedings

Petitioner filed his initial *pro se* state *habeas* petition in the Twelfth Judicial District on April 23, 2012, presenting four grounds: (1) his impaired mental health made his plea involuntary; (2) evidence was unlawfully obtained from a vehicle seized from his codefendants pursuant to a warrant listing an incorrect VIN number; (3) police continued to interrogate him after invoking his right to remain silent; and (4) the assistance of his counsel was ineffective because counsel misled him about the nature of his plea, misrepresented his chances of success at trial, and failed to raise Petitioner's history of mental health issues. *Doc. 11-1* at 9-12. Thereafter, the Court appointed *habeas* counsel, who amended the petition to elaborate on the four presented grounds and add additional theories of ineffective assistance of trial counsel. *See Doc. 11-1* at 64-75. Following an evidentiary hearing, the state District Judge denied the petition. *Doc. 11-2* at 18-20.

---

[1] Though expressed in the form of the "range of possible sentences," both the minimum and maximum sentences were identically worded, leaving no possibility for misinterpretation of what sentence would be imposed.

Petitioner filed his petition for writ of *certiorari* to the New Mexico Supreme Court on December 3, 2014.  Doc. 11-3.  In this writ, Petitioner provided a procedural history of the case in the state trial court, including a summary of arguments presented in the initial *habeas* petition.  *See doc. 11-3* at 2-4.  Petitioner then presented a single question for review: whether Petitioner had received ineffective assistance of counsel when he was not apprised of the terms and conditions of his sentence contemplated in his plea agreement.  Doc. 11-3 at 5-9.  The petition was denied on February 3, 2015.  Doc. 11-4 at 1.

II.     PETITIONER'S CLAIMS

In his federal *habeas* petition, Petitioner sets forth four claims as grounds for relief:

1. Violation of Petitioner's Fourteenth Amendment rights because he did not knowingly enter into his plea, as he never understood the meaning of the life sentence to which he was agreeing;

2. Evidence used against Petitioner was unlawfully seized because the vehicle where incriminating evidence was discovered contained a different VIN number from that listed on the search warrant, and police allegedly seized the Petitioner's clothing without probable cause, a warrant, or his consent;

3. Violation of Petitioner's Fourteenth Amendment rights because police allegedly continued to interrogate him to elicit an incriminating response after he had invoked his right to remain silent and right to counsel; and

4. Ineffective assistance of counsel because Petitioner's attorney did not explain to him the true meaning of a life sentence prior to his plea of no contest to the charge of first-degree felony murder.

*See doc. 1* at 6-11.

### III. ANALYSIS

#### A. The Exhaustion Requirement

A federal court cannot grant a petition for *habeas corpus* under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[2] 28 U.S.C. § 2254(b)(1)(A). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

Of these claims, Respondents concede that Petitioner has properly exhausted Ground Four. *Doc. 11* at 8-9. Additionally, Respondents acknowledge that Petitioner asserted each of these grounds in his *pro se* state petition, as well as in his amended petition. *Id.* at 5. However, Respondents contend that Petitioner has failed to exhaust Grounds One, Two, and Three, as Petitioner's writ to the New Mexico Supreme Court raised only Ground Four as a basis for relief. *Id.* at 5-6. By rule, "a state prisoner must give state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)). Thus, despite the uncontested fact that Petitioner asserted all claims in his

---

[2] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

4

initial state *habeas* petition, the exhaustion requirement is not satisfied unless all issues have been fairly presented to the New Mexico Supreme Court. *See Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011).

As an initial matter, Petitioner explicitly concedes that Ground Two is unexhausted. *Doc. 12* at 2-3. However, Petitioner also contends that this remaining claims should be treated as exhausted because, although his attorney "focused on the ineffective assistance" claim, he "mentioned three out of four grounds" in his New Mexico Supreme Court petition. *Id.* at 2; *see also doc. 11-3* at 2-4. This argument is unpersuasive. For purposes of a federal *habeas* petition, an issue is deemed "fairly presented" when a petitioner "has raised the 'substance' of the federal claim in state court." *Bland*, 459 F.3d at 1011 (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)). Mere reference in the procedural background section summarizing arguments previously advanced will not suffice. *See, e.g., Welch v. Milyard*, 436 F. App'x 861, 869 (10th Cir. 2011) (isolated reference to due process claim did not fairly present claim to the state courts for purposes of exhaustion).

It is clear that the entire substance of Petitioner's request for review to the New Mexico Supreme Court was limited to the ineffective assistance claim. Indeed, the sole issue presented for review was whether Petitioner had received ineffective assistance of counsel when he was not apprised of the terms and conditions of his sentence as contemplated in his plea agreement. *Doc. 11-3* at 5. Additionally, the entire argument

section of the writ is dedicated to the legal standard and factual application of this claim. *See doc. 11-3* at 6-9. Thus, the remaining claims cannot be deemed fairly presented through a complete round of the state's established appellate process for purposes of exhaustion.

### B. Treatment of a Mixed Petition

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is considered "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This is significant because "federal district courts may not adjudicate mixed petitions for habeas corpus . . . ." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Instead, the Court should exercise its discretion to "dismiss the mixed petition in its entirety . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009); *see also Jernigan*, 436 F. App'x 852 at 855-56 (citing Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.1, at 1184 (6th ed. 2011) ("[F]ederal district courts not only must dismiss entirely unexhausted habeas corpus petitions and individual unexhausted claims but also, generally, must dismiss 'mixed' habeas corpus petitions . . . pending exhaustion of the unexhausted claims"). Dismissal is proper because strict enforcement of the exhaustion requirement "promotes comity and does not unreasonably impair the prisoner's right to relief . . . ." *Rose,* 455 U.S. at 522; *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (10th Cir. 2000) (explaining that ruling on a mixed petition is only appropriate where exceptional circumstances excuse the failure to exhaust the unexhausted claims). Accordingly, the

6

Petition should be dismissed without prejudice pending exhaustion of all claims or re-filing of only exhausted claims.

## IV. CONCLUSION

As set forth above, I have found that Petitioner has failed to exhaust three of his four grounds for relief. Because his petition is mixed, I recommend the Court dismiss his petition (*doc. 1*) in its entirety. As Petitioner's underlying claim is being dismissed, I recommend denying his motion to expand the record (*doc. 9*) as moot.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**