IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL CHAVEZ,

    Petitioner,

v.                                        Civ. No. 15-701 WJ/GBW

GERMAN FRANCO, Warden, and
THE ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

### ORDER (1) OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND (2) DISMISSING PETITIONER'S §2254 *HABEAS* PETITION

THIS MATTER comes before the Court on review of the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 13*) and Petitioner's Objections (*doc. 14*). Petitioner initially brought a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (*doc. 1*) and motion to expand the record (*doc. 9*). In his PFRD, the Magistrate Judge recommended dismissing Petitioner's petition without prejudice and denying his motion to expand as moot. *Doc. 13* at 1. This recommendation was based on the finding that Petitioner's writ to the New Mexico Supreme Court raised only one claim, Ground Four, as a basis for relief. *Doc. 13* at 4-6 (concluding that only Ground Four was exhausted). The Magistrate Judge held that, with respect to the other claims, mere mention to the state supreme court was not sufficient where the substance of the arguments was not addressed in Petitioner's writ

of *certiorari*. *Id.* at 5. The PFRD concluded that, except for one claim (Ground Four), Petitioner's claims "cannot be deemed fairly presented through a complete round of the state's established appellate process for purposes of exhaustion." *Id.* at 6. Having determined that Petitioner had filed a "mixed" § 2254 petition containing both exhausted and unexhausted claims, the PFRD reasoned that adjudication on the merits was not permitted. *Id.* at 6-7. Accordingly, the PFRD recommended dismissal of the petition in its entirety "pending exhaustion of the unexhausted claims." *Id.*

As required, the Court has conducted a *de novo* review of those portions of the PFRD to which Petitioner objected. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). For the reasons given below, the Court sustains in part and overrules in part Petitioner's objections and dismisses the Petition.

I.         **BACKGROUND**

    A.     **The Underlying Judgment**

On August 9, 2011, Petitioner executed a *Plea and Disposition Agreement* by which he pled no contest to two counts of first-degree (felony) murder in exchange for the dismissal of counts alleging: (1) attempted armed robbery; (2) conspiracy to commit armed robbery; and (3) shooting at or from a motor vehicle. *Doc. 11-1* at 3. The resulting sentence for the two counts would be "Concurrent Sentences for a single Term

of Life Imprisonment (thirty (30) years without the possibility of parole)."[1]  *Doc. 11-1* at 5.  In accordance with the agreement, Petitioner was sentenced to two concurrent terms of life imprisonment on October 20, 2011.  *Doc. 11-1* at 1-2.  Petitioner did not pursue a direct appeal.

   B.   **Petitioner's State *Habeas* Proceedings**

Petitioner filed his initial *pro se* state *habeas* petition in the Twelfth Judicial District on April 23, 2012, presenting four grounds: (1) his impaired mental health made his plea involuntary; (2) evidence was unlawfully obtained from a vehicle seized from his co-defendants pursuant to a warrant listing an incorrect VIN number; (3) police continued to interrogate him after invoking his right to remain silent; and (4) the assistance of his counsel was ineffective because counsel misled him about the nature of his plea, misrepresented his chances of success at trial, and failed to raise Petitioner's history of mental health issues.  *Doc. 11-1* at 9-12.  Thereafter, the Court appointed *habeas* counsel, who amended the petition to elaborate on the four presented grounds and add additional theories of ineffective assistance of trial counsel.  *See doc. 11-1* at 64-75.  Following an evidentiary hearing, the state District Judge denied the petition.  *Doc. 11-2* at 18-20.

Petitioner filed his petition for writ of *certiorari* to the New Mexico Supreme Court on December 3, 2014.  *Doc. 11-3*.  In this writ, Petitioner provided a procedural

---

[1] Though expressed in the form of the "range of possible sentences," both the minimum and maximum sentences were identically worded, leaving no possibility for misinterpretation of what sentence would be imposed.

history of the case in the state trial court, including a summary of arguments presented in the initial *habeas* petition. *See doc. 11-3* at 2-4. Petitioner then presented a single question for review: whether Petitioner had received ineffective assistance of counsel when he was not apprised of the terms and conditions of his sentence contemplated in his plea agreement. *Doc. 11-3* at 5-9. The petition was denied on February 3, 2015. *Doc. 11-4* at 1.

### C. Petitioner's Federal *Habeas* Claims

In his federal habeas petition, Petitioner sets forth four claims as grounds for relief:

1. Violation of Petitioner's Fourteenth Amendment rights because he did not knowingly enter into his plea, as he never understood the meaning of the life sentence to which he was agreeing;

2. Evidence used against Petitioner was unlawfully seized because the vehicle where incriminating evidence was discovered contained a different VIN number from that listed on the search warrant, and police allegedly seized the Petitioner's clothing without probable cause, a warrant, or his consent;

3. Violation of Petitioner's Fourteenth Amendment rights because police allegedly continued to interrogate him to elicit an incriminating response after he had invoked his right to remain silent and right to counsel; and

4. Ineffective assistance of counsel because Petitioner's attorney did not explain to him the true meaning of a life sentence prior to his plea of no contest to the charge of first-degree felony murder.

*See doc. 1* at 6-11.

### II. LEGAL STANDARD

For a claim to be cognizable under § 2254, it must allege a constitutional violation

or a violation of a "constitutional dimension"—that is, "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983). Where a state court adjudication of a petitioner's claims on the merits[2] exists, a federal court may grant the petition for writ of *habeas* corpus of a person in state custody if the resulting decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because Petitioner is proceeding *pro se*, the Court will construe his objections liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, objections to the proposed findings and disposition of a Magistrate Judge must be made with specificity; general or conclusory objections are insufficient. *See United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). The Court will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1).

### III. ANALYSIS

---

[2] A state court's summary dismissal of a claim is presumed to be an "adjudication on the merits" even if the court provided no reasoning to support its decision. *Harrington v. Richter*, 562 U.S. 86, 100 (2011). This presumption may be overcome only if "there is reason to think some other explanation for the state court's decision is more likely." *Id*. Petitioner has not argued, nor presented evidence indicating, that the trial court decision on his *habeas* and writ petitions are not adjudications on the merits.

The Court has interpreted Petitioner's response to state four distinct objections relating to the analysis in the PFRD.

### A. Objection 1: Exhaustion

Petitioner first objects to the Magistrate Judge's proposed finding that he has failed to exhaust his administrative remedies with regard to Grounds One, Two, and Three. *Doc. 14* at 1. As correctly explained in the PFRD, a federal court cannot grant a petition for *habeas corpus* under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner must prove either that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

Petitioner asserted all of his grounds to the state trial court in both his *pro se* petition and his amended petition. *See doc. 11* at 5; *doc. 13* at 4. However, as laid out in the PFRD, exhaustion requires one complete round of the state's established appellate review process, including fair presentation to the New Mexico Supreme Court. *Doc. 13* at 4-5 (citing *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014); *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011)). Petitioner does not challenge that he failed to exhaust at least one ground (Ground Two) asserted in his federal petition. *See doc. 12* at 2-3; *doc. 14* at 1. Rather, Petitioner's objection again argues that Grounds One and Three

6

have been exhausted, as they were presented to the New Mexico Supreme Court in a manner which alerted it to his allegations of constitutional error. *Doc. 14* at 1; *see also doc. 12* at 2; *doc. 11-3* at 2-4. The Court joins the Magistrate Judge in rejecting this argument.

For the reasons expressed in the PFRD, the Court agrees with the proposed finding that the sole issue presented for review on appeal in state court was whether Petitioner had received ineffective assistance of counsel when he was apprised of the sentencing conditions in his plea agreement. *Doc. 11-3* at 5. The Court is further persuaded by the fact that the argument section of Petitioner's state writ is entirely dedicated to the legal standard and factual application of this single claim. *See doc. 11-3* at 6-9. Consequently, the Court agrees that Grounds One and Three were not fairly presented to the state supreme court through mere mention in the procedural background section. *See Bland*, 459 F.3d at 1011; *Welch v. Milyard*, 436 F. App'x 861, 869 (10th Cir. 2011).

Petitioner attempts to avoid this result by pointing to the decision of the Ninth Circuit Court of Appeals in *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008). As in this case, the petitioner in *Wooten* was represented by counsel, who presented all of the grounds alleged in his federal *habeas* complaint to the lower state courts but included only certain grounds in his petition to the California Supreme Court. The court acknowledged that "[c]laims are sufficiently related or intertwined for exhaustion

7

purposes when, by raising one claim, the petition clearly implies another error." *Id.* at 1025 (internal quotation marks omitted). However, the Ninth Circuit concluded that the issues not presented to the state supreme court remained unexhausted, explaining that "[t]his exception does not apply when language in a petition for review indicates a petitioner's strategic choice not to present an issue for review." *Id.* (internal quotation marks omitted).

Even applying the approach of *Wooten*, Petitioner's objection is meritless. As to Grounds Two and Three, the claims are not "sufficiently related or intertwined" with Ground Four to satisfy the exhaustion requirement. As to Ground One, the Court finds that the state writ submitted by petitioner's counsel "suggests a strategic choice not to present his [unexhausted] claim[s] to the [state supreme court]." *Id.*; *see also doc. 11-3 at 5-9*. Therefore, *Wooten* does not supply a basis for excusing Petitioner's failure to exhaust.

In the alternative, Petitioner urges this Court to address the merits of his claims, notwithstanding any procedural deficiencies, in the interest of justice. *See doc. 14 at 1*. In support of this claim, Petitioner invokes the principle advanced by Justice Hugo Black in a dissenting opinion, that "it is never too late for courts in habeas corpus proceedings to look straight through procedural screens in order to prevent forfeiture of life or liberty in flagrant defiance of the Constitution." *See Brown v. Allen*, 344 U.S. 443,

453-54 (1953) (Black, J., dissenting).[3]

As an initial matter, a dissenting opinion carries no precedential value and thus falls far short of demonstrating a departure from clearly established federal law necessary to prevail on a § 2254 claim.  *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008) ("[C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.").  Further, more recent and binding Supreme Court decisions have made clear that failure to exhaust claims remains a legitimate ground for dismissal and that strict application of the exhaustion requirement does not unreasonably impair the prisoner's right to relief.  *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Finally, Petitioner has failed to establish that reaching the merits of his claims at this point is the only remedy available.  As the PFRD explained, Petitioner does not allege that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  *Doc. 13* at 4, n. 2 (quoting 28 U.S.C. § 2254(b)(1)).  On the contrary, Petitioner possesses both the ability and expressed willingness to adjudicate unexhausted claims in state court.  *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) ("New Mexico does not impose a statute of limitations on habeas petitioners . . . ."); *doc. 14* at 3-4 (seeking leave to exhaust Grounds One, Two, and Three in state court).

---

[3] While specifically referencing this quotation, Petitioner erroneously attributes it to the overruled case *Townsend v. Sain*, 327 U.S. 293 (1963). *Doc. 14* at 1.

Accordingly, this objection reveals no error in the PFRD and is overruled.

### B. Objection 2: Ineffective Assistance of *Habeas* Counsel

In his second objection, Petitioner seemingly attempts to raise an entirely new ground for *habeas* relief based on the ineffective assistance of his state *habeas* counsel. *See doc. 14* at 1-3. Petitioner states that a finding by the Court that his claims remain unexhausted would demonstrate ineffective assistance by his *habeas* counsel for failing to present all four of his claims to the New Mexico Supreme Court. *Id.* at 1-2. Petitioner further claims that this failure prejudiced him by resulting in procedural default of seventy-five percent of his state claims and foreclosing any subsequent federal review. *Id*.

As an initial matter, the Court is skeptical that Petitioner could prevail in demonstrating that counsel's decision, to limit appeal to the issue he likely believed to be the strongest, was unjustifiable as a trial tactic or strategy. *See e.g. United States v. Washington*, 602 F. App'x 688, 691 (10th Cir. 2015). Further, as Petitioner is not foreclosed from exhausting these issues in state court himself, the likelihood of demonstrating prejudice appears slim. *See Sutphin*, 164 P.3d at 76. Nonetheless, the Court need not resolve the merits of this claim, as it is not properly before the Court.

It is clear that the content of this objection was not presented to the Magistrate Judge prior to the issuance of the PFRD. *See generally doc. 12*. As such, any objection stemming from this argument cannot be considered. *See Marshall v. Chater*, 75 F.3d

1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). In addition, even if Petitioner had raised this issue, the Court would be unable to address it due to his failure to seek any available state court remedies. 28 U.S.C. § 2254(b)(1)(A). It is evident that Petitioner's claim of ineffective assistance of *habeas* counsel for failing to present all issues to the New Mexico Supreme Court is entirely separate from his claim of ineffective assistance of trial counsel for misleading him with regards to the substance of his plea agreement. *Compare doc. 11-1* at 9-12, 64-75 *and doc. 11-3* at 5-9 *with doc. 14* at 1-3. As such, this issue is not sufficiently interrelated to any other claim to be considered fairly presented to the state courts for purposes of exhaustion. *See Bland*, 459 F.3d at 1011; *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Thus, Petitioner's proffered objection is not properly before this Court, and accordingly it will be overruled.

### C. Objection 3: Request to Stay Grounds 1, 2, & 3 Pending Exhaustion

Petitioner next objects to the PFRD's outright dismissal of his claims, asking instead that, in light of his mixed petition, the Court grant a stay as to his unexhausted claims so that he may return to the Supreme Court of New Mexico and exhaust Grounds One, Two, and Three. *Doc. 14* at 3-4. Petitioner correctly notes that a stay and abeyance of a mixed petition may be granted only where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there

11

is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

*Rhines v. Weber*, 544 U.S. 269, 278 (2005).

While district courts retain the ability to stay a mixed *habeas* petition, the Supreme Court has emphatically warned that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")'s] twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition . . . . For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277 (internal citations and parentheticals omitted). In light of these standards, a petitioner's assertion that he mistakenly believed his state *habeas* counsel had raised an argument in state court does not constitute good cause for failing to exhaust. *See Wooten*, 540 F.3d at 1024; *see also Murphy v. Thaler*, No. 3:10-CV-163-N, 2010 WL 2381500, at *2 (N.D. Tex. June 8, 2010). Further, good cause for failure to exhaust cannot result from a strategic decision by counsel to not present an argument on state appeal. *See, e.g. Clements v. Maloney*, 485 F.3d 158, 170 (1st Cir. 2007). As petitioner has failed to demonstrate good cause for his failure to exhaust his claims, the Court need not address the final two factors in order to conclude that a stay is not warranted in this case. Accordingly, Petitioner's third objection is overruled.

> **D. Objection 4: Request to Allow Voluntary Dismissal of Unexhausted Claim and Adjudicate Exhausted Claim on the Merits**

Petitioner's final objection also concerns the PFRD's dismissal of his exhausted claim along with the unexhausted ones. Petitioner requests, should the Court find a stay inappropriate, that he be allowed to voluntarily dismiss his unexhausted claims so that the Court may evaluate the merits of his exhausted Ground Four. *Doc. 14* at 3-4.

### I. *Dismissal of Unexhausted Claims*

When a district court is presented with a petition containing both exhausted and unexhausted claims, it may choose one of four possible actions:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir.2009)) (internal citations omitted).

As either outright dismissal of the entire mixed petition or permitting petitioner to dismiss his unexhausted claims while addressing the exhausted claims are considered properly within the discretion of the Court, the recommendation of the PFRD is without legal error. *Id.*; s*ee also Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that a district court may not adjudicate mixed petitions, leaving petitioner with the choice of returning to state court to exhaust his claims or of amending his petition to present only exhausted claims). Nonetheless, in its *de novo* review of the issues

presented to the Magistrate Judge, the Court maintains discretion to grant Petitioner's request. *See Fairchild*, 579 F.3d at 1156; *Jernigan*, 436 F. App'x at 855. Further, the Supreme Court has advised that, under certain circumstances, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims . . . ." *Rhines*, 544 U.S. at 278. Given Petitioner's newly expressed willingness to voluntarily limit the scope of review to his exhausted claim (*see doc. 14*), the Court is inclined to allow him to do so. *See, e.g, Williamson v. Parker*, No. CIV-13-899-D, 2014 WL 773466, at *1 (W.D. Okla. Feb. 25, 2014) (choosing the alternative to allow Petitioner to amend his petition to dismiss unexhausted claims where Magistrate Judge initially recommended dismissal of a mixed petition).

Accordingly, the Court will sustain Petitioner's objection and grant him voluntary dismissal of his unexhausted claims presented in Grounds One, Two, and Three, leaving only his properly exhausted claim raised in Ground Four. As such, the Court may now proceed to address the merits of this claim.

  II.  *Merits of Ground Four*

In his Fourth Ground for relief, Petitioner argues that his trial counsel provided ineffective assistance by incorrectly explaining the parameters of his sentence under the plea agreement he entered in his criminal case. *Doc. 1* at 10. Specifically, Petitioner

contends that his counsel either misrepresented or failed to properly explain the implications of a life sentence. *Id.; see also doc. 1-1* at 7; *doc. 11-3* at 4-5. He explains that he understood the plea to mean that he would be released after serving a term of thirty years, when in fact the sentence required that he at serve at least thirty years before becoming eligible for parole consideration, which could be denied for the entire duration of his life. *Doc. 1* at 10; *doc. 11-3* at 4-5. Petitioner contends that, had he been aware of the possibility of spending his entire life in prison, he would not have taken the plea, instead insisting on proceeding to trial. *Id*.

To establish a claim of ineffective assistance of counsel, Petitioner must demonstrate: (1) that counsel committed errors so serious that he did not receive the counsel guaranteed by the Sixth Amendment, and (2) that counsel's performance was so deficient that his right to a fair trial was violated. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). In the context of a plea agreement, Petitioner must show that counsel's performance fell short of an objective standard of reasonableness and that, but for counsel's error, he would not have pled guilty and instead would have insisted upon going to trial. S*ee Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).

The burden imposed on a petitioner seeking § 2254 *habeas* relief for an ineffective assistance of counsel claim is particularly onerous. Under any circumstances, "[a] court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional

assistance." *Harrington v. Richter*, 562 U.S. 86, 104, (2011) (internal quotation marks omitted). Overcoming this "high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). In addition, establishing that a state court's application of these standards to the underlying facts was unreasonable under § 2254 (d) is "more difficult" due to the fact that, because both standards are "highly deferential" towards the state, applying the two "in tandem is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted). In such cases, a state court decision will be upheld if "there is any reasonable argument" that counsel's conduct comported with the strong presumption of reasonable representation applied to ineffective assistance of counsel claims. *Id.* Here, Petitioner falls far short of satisfying the arduous standard required for relief.

In evaluating this claim, the state court[4] concluded that "[Petitioner's trial counsel Gary Mitchell] properly advised the Defendant that he was pleading no contest to two counts of First Degree Murder (Felony Murder) and would receive a mandatory sentence of 30 years of incarceration before the possibility of parole." *Doc. 1-3* at 17; *doc. 11-2* at 19. The court further found that "Mr. Mitchell advised the Defendant that if he

---

[4] As discussed above, Petitioner appealed the state district court decision to the New Mexico Supreme Court. *Doc. 11-3* at 1-9. However, the New Mexico Supreme Court denied the *habeas* petition summarily, without an accompanying reasoned opinion. *See doc. 1-3* at 29. In *habeas* proceedings where there is one reasoned opinion followed by later unexplained orders upholding that judgment, federal courts presume the later orders are based upon the same grounds and will "look through" these orders to analyze the last reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Therefore, the court will evaluate the state district court decision denying the *habeas* petition.

16

was not granted parole[,] then he would remain [incarcerated] in the Department of Corrections[.]" *Id.* Both of these conclusions are reasonable determinations of fact supported by the evidence presented.

First, there is no dispute that Petitioner signed a *Plea and Disposition Agreement* by which he pled no contest to two counts of first-degree (felony) murder. *Doc. 1-2* at 7-8; *doc. 11-1* at 3-4. The state district court approval section of this agreement specifically confirmed that Petitioner understood the sentence resulting from his agreement to be "Concurrent Sentences for a single Term of Life Imprisonment (thirty (30) years without the possibility of parole)." *Doc. 1-2* at 9; *doc. 11-1* at 5. Most importantly, at an evidentiary hearing held by the state court to evaluate this claim, Mr. Mitchell testified regarding his communications with Petitioner about the consequences of his plea agreement. *Doc. 11-2* at 13-16. Mr. Mitchell stated that he had explained to Petitioner that the life sentence he would receive as a result of the plea agreement meant that he would serve a minimum of thirty years before any opportunity of parole. *Id.* at 15. He further testified that he explained to petitioner that, according to the numbers, no inmate has served thirty years of a life sentence and been immediately released on parole. *Id.* Mr. Mitchell explained that he told Petitioner that he could possibly be released in thirty years, but that, if he did not behave, he would remain incarcerated. *Id.* He clarified that he would never tell anyone facing a life sentence that they would be

17

released after thirty years, and he confirmed that nothing indicated Petitioner understood that to be the consequence of his sentence.  *Id.*

In his claim, Petitioner does not articulate any specific argument as to how the state court decision involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented.  *See doc. 1* at 10.  Instead, Petitioner merely asserts that the state court determination of facts was incorrect and that his testimony regarding representations made to him about his sentence should have been accepted despite contrary testimony from his trial attorney.  *Id.; see also doc. 11-2* at 10, 12, 16 (Petitioner's evidentiary hearing testimony stating he was told he would serve thirty years and then be released on parole and claiming not to understand that parole could be denied).  However, even if this Court disagreed with the state court's determinations, a *habeas* petition brought under § 2254 may not be used as "a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03.  Further, this Court finds no error in accepting the testimony of one witness over another, as it is not proper for the Court to reweigh the evidence presented or second-guess the credibility determinations of the state court.  *See, e.g., Nali v. Phillips*, 681 F.3d 837, 842 (6th Cir. 2012); *Ping v. McBride*, 888 F. Supp. 917, 922 (N.D. Ind. 1993).  Finally, it is clear that the decision was consistent with federal case law evaluating ineffective assistance of counsel claims on similar facts.  *See, e.g., United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (holding that, absent a material misrepresentation, an

erroneous sentence estimate does not establish ineffective assistance of counsel for purposes of a plea agreement); *United States v. Landsaw*, 206 F. App'x 773, 776 (10th Cir. 2006) (even erroneous advice of counsel is not grounds for vacating a plea agreement where the agreement itself adequately informed defendant of potential sentencing consequences). As both the court's determination of the facts and application of clearly established federal law was reasonable, Petitioner is not entitled to *habeas* relief on Ground Four. 28 U.S.C. § 2254(d).

## IV. CONCLUSION

Wherefore**, IT IS HEREBY ORDERED** that:

(1) The Magistrate Judge's Proposed Findings regarding the exhaustion requirement and Petitioner's failure to exhaust Grounds One, Two, and Three are ADOPTED;

(2) Petitioner's objection requesting that he be voluntarily allowed to dismiss Grounds One, Two, and Three so the Court may have jurisdiction to address the merits of his sole exhausted claim is SUSTAINED. Petitioner's unexhausted claims stated in Grounds One, Two, and Three are deemed DISMISSED without prejudice;

(3) Petitioner's remaining objections are OVERRULED;

(4) Upon review, the Court finds Petitioner's exhausted claim, Ground Four, is without merit. Ground Four is DISMISSED with prejudice;

(5) Petitioner's Motion to expand the record (*doc. 9*) is DISMISSED as moot.

_____
UNITED STATES DISTRICT JUDGE